UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL NARANG,<br><br>    Plaintiff,<br><br>v.<br><br>AMARJIT NARANG, et al.,<br><br>    Defendants. | Case No. 23-cv-00307-DMR<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Pro se Plaintiff Kamal Narang filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP") on January 20, 2023. [Docket Nos. 1, 2.][1] Having considered Plaintiff's papers, the court grants the IFP application. Because the court likely does not have subject matter jurisdiction over this action, Plaintiff is ordered to file a document explaining why subject matter jurisdiction exists.

Plaintiff brings claims against ten individuals: Amarjit Narang, John F. Stanley, Mary Elizabeth Grant, Maize Kelsey, Swapna Anthoor, Maria Uhl, Sunaina Sabharwal, Dr. Bhupinder Bhandari, Dr. Pardeep Kumar, and Dr. Gautam Preek. Compl. at 2. As best as the court can tell, Plaintiff alleges that a family court matter filed in the Superior Court of California, County of Alameda has turned into fraud. Compl. at 4. Several handwritten notes on a civil case cover sheet dated August 21, 2017 appear to call for the arrest of Judge Chatterjee for perjury and stabbing, and to request Plaintiff's money and property "50/50." Compl. at 5. Plaintiff seems to assert that she initially appeared in a marriage dissolution matter before Judge Garcia Lupe, during which "all was good." Compl. at 9. According to Plaintiff, respondent did not initially appear during the proceedings, but later provided "fake, false Dr. notes from his friend Dr. Bhupinder Bhandari" and

---

[1] The court received additional documents and letters filed by Plaintiff, as well as Plaintiff's declination to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Docket Nos. 5, 6, 8, 9, 11, 12, 13, 14.]

never complied with court orders. *Id.* Plaintiff further states that she is on her death bed. *Id.*

Some additional filings by Plaintiff include civil court documents with handwritten notes making statements related to fraud and perjury. [Docket No. 5, 6, 8.] In a cover page for these documents, Plaintiff asserts that she has been sick since November 23, 2022 and reiterates complaints against Judge Chatterjee. [Docket No. 5.] Other filings include court documents from this district. [Docket No. 8.] Handwritten notes on these documents ask the Chief Judge of this district, the Honorable Richard Seeborg, to save Plaintiff, who is in critical treatment. *Id.* In another submission styled as an addendum to the complaint, Plaintiff lists additional defendants, including Judge Charlie Smiley, Judge Garcia Lupe, as well as other judges and staff working at the Superior Court of California, County of Alameda. [Docket No. 9.] The addendum does not state any allegations, but contains an array of different documents, including a proposed summons and letters from doctors. *Id.* The most recent filings similarly contain letters from doctors, state and district court documents, and handwritten notes. [Docket Nos. 12-14.] All appear related to Plaintiff's allegation that a family court case allegedly turned into fraud.

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. "[T]he congressional grant of diversity jurisdiction is to be strictly construed." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Plaintiff avers that the court has federal jurisdiction over this case. *See* Compl. at 3.

However, as detailed above, Plaintiff appears only to assert that individuals connected to a family court matter filed in the Superior Court of California, County of Alameda engaged in fraud. Fraud claims arise under state law, not federal law, and therefore do not provide a basis for federal jurisdiction. *See, e.g.*, *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (setting forth the elements of fraud claim under California law as "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage"). Accordingly, Plaintiff may only proceed in federal court if she establishes diversity jurisdiction.

As previously stated, a district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. In relevant part, 28 U.S.C. § 1332 provides that parties are diverse when they are "citizens of different States." 28 U.S.C. § 1332(a)(1). In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857.

Here, Plaintiff states only that she resides in Fremont, California and that Defendant Amarjit Narang resides in Union City, California. Compl. at 1, 3. She does not provide any information regarding any other Defendants' location. Plaintiff also does not make any allegations with regards to her or any Defendants' citizenship or domicile. Assuming Plaintiff and Defendant Amarjit Narang are citizens of California, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). If Plaintiff and Defendant Amarjit Narang are both citizens of California, there is no diversity jurisdiction.

Plaintiff appears to allege that the amount in controversy in this case is $71,000,000. Compl. at 2. However, the complaint contains no allegations supporting this dollar amount; it

solely attributes different sums ranging from $3,000,000 to $15,000,000 to each Defendant without further explanation.

As it is not clear that the court has jurisdiction over this action, by no later than April 20, 2023, Plaintiff shall show cause in writing why this matter should not be dismissed for lack of subject matter jurisdiction. If Plaintiff does not file a timely response to this Order to Show Cause, the court will recommend that the action be dismissed.

The court refers Plaintiff to the section "Representing Yourself" on the court's website, located at http://cand.uscourts.gov/pro-se-litigants, as well as the Court's Legal Help Center for unrepresented parties. The Legal Help Center may be reached by phone at (415) 782-8982.

**IT IS SO ORDERED.**

Dated: March 27, 2023

DONNA M. RYU
Chief Magistrate Judge