UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL NARANG,<br>　　　　Plaintiff,<br>　　v.<br>AMARJIT NARANG, et al.,<br>　　　　Defendants. | Case No. 23-cv-00307-HSG<br>**ORDER DISMISSING CASE**<br>Re: Dkt. No. 16 |

In March 2023, Magistrate Judge Donna M. Ryu issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 15. Plaintiff failed to respond, and Judge Ryu issued a report and recommendation that the Court dismiss the complaint for failure to prosecute. Dkt. No. 16. Plaintiff, representing herself, has since filed several documents, including an objection and hundreds of pages of exhibits. Dkt. Nos. 18–20. Because Plaintiff has responded, the Court **DECLINES** to adopt the report and recommendation. Dkt. No. 16. However, Plaintiff has not addressed the issue of subject matter jurisdiction. The Court thus adopts the reasoning in Judge Ryu's order to show cause and **DISMISSES** Plaintiff's complaint for lack of subject matter jurisdiction. *See* Dkt. No. 15.

Plaintiff appears to allege that judges and other individuals in a family court matter in the County of Alameda Superior Court committed fraud. *See* Dkt. No. 1 ("Compl.") at 4. There is no federal question in this case because fraud is a state law claim. *See* 28 U.S.C. § 1331. Nor is there diversity jurisdiction. *See* 28 U.S.C. § 1332. First, there is not complete diversity between the parties as Plaintiff states that she and Defendant Amarjit Narang both reside in California. Compl. at 1, 3. Second, Plaintiff has not met the $75,000 threshold for the amount in controversy.

Although Plaintiff alleges that her case is worth $71 million, there are no allegations supporting this dollar amount and it appears to be arbitrary.  Compl. at 2.

The Court further finds that amendment would be futile.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted).  Plaintiff has had a chance to respond, and her subsequent filings and hundreds of documents offer no indication that this Court has jurisdiction.  *See* Dkt. No. 18.

The Court thus **DISMISSES** the case for lack of subject matter jurisdiction without leave to amend.  The Clerk is directed to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated:   5/11/2023

*(signature)*
HAYWOOD S. GILLIAM, JR.
United States District Judge

2